## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIMMY BARFIELD,<br><br>Plaintiff,<br><br>v.<br><br>FASHION CLEANERS, KERMIT R. ENGH, and DOES 1-5 Inclusive,<br><br>Defendants. | CASE NO: 8:16-cv-00022<br><br>**MOTION TO DISMISS** |

Defendants, CADCO, Inc. d/b/a Fashion Cleaners, and Kermit R. Engh (collectively "Fashion Cleaners"), hereby request that the Court enter an Order dismissing the Complaint of Plaintiff Jimmy Barfield ("Plaintiff") with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1) (the "Motion"). In support of this Motion, Fashion Cleaners is submitting concurrently herewith a detailed brief, and further shows the Court as follows:

1. On January 15, 2016, Plaintiff filed his Complaint against Fashion Cleaners. (Filing No. 1).

2. Informal efforts to resolve the Complaint failed.

3. Plaintiffs' Complaint sets fourth four "causes of action": (1) Violation of Civil Rights - American[s] With Disabilities Act, (2) Violation of Civil Rights 42 U.S.C. 1991, (3) Violation Of Civil Rights Under Nebraska Accessibility Laws, and (4) Violation of Civil Rights Act. (Filing No. 1 at 5, 8-9).

4. These causes of action are supported by only the following vague and generalized factual assertions against Fashion Cleaners:

1

> The specific difficulty Plaintiff had in entering and utilizing Defendants' facility and which amount to a violation of ADAAG are: (a) Designated disabled parking spaces are insufficient and in violation of ADAAG section 4.6. (b) Failure to provide adequate access aisle in violation of ADAAG 4.6.3 (c) Failure to provide disabled parking space signage at proper height in violation of ADAAG 4.6.4 (d) Failure to provide unobstructed view of disabled parking signage in violation of ADAAG 4.6.4.

(Filing No. 1 at 4). Such assertions fail to meet the "plausibility" standard required by the U.S. Supreme Court's *Iqbal* and *Twombly* decisions, which standard is further addressed in Fashion Cleaners' brief.

5. Further, each of Plaintiff's "causes of action" fails as a matter of law.

6. First, Plaintiff's "first cause of action" regarding alleged violations of the Americans with Disabilities Act ("ADA") is unsupported by plausible factual allegations, and Plaintiff's Complaint fails to set forth all necessary elements of an ADA claim, which is further explained in Fashion Cleaners' concurrently submitted brief.

7. Second, Plaintiff's "second cause of action" for alleged civil rights violations fails as a matter of law because 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991 does not provide a right of action based on alleged interference with a disabled person's ability to enter into or make, or to enforce, contracts. This issue is further addressed in Fashion Cleaners' concurrently submitted brief.

8. Third, this Court lacks jurisdiction over Plaintiff's "third cause of action," which is based on alleged violations of "Nebraska Accessibility Laws," because Plaintiff Barfield has failed (1) to demonstrate in his Complaint that he has satisfied the procedural prerequisites of 42 U.S.C. § 2000a–3(c) before filing a civil action in federal court, and (2) to demonstrate in his Complaint any other jurisdictional basis for bringing this alleged "cause of action" based on "Nebraska Accessibility Laws." Thus, Plaintiff's

"third cause of action" should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). This issue is also addressed in Fashion Cleaners' brief.

9. Fourth, Plaintiff's "fourth cause of action" is entirely redundant of his "first cause of action," and to the extent the "fourth cause of action" can be construed as a 42 U.S.C. § 1983 claim, it fails because Fashion Cleaners was at no time acting under color of state law.

10. Additionally, while not set forth as a separate "cause of action," Plaintiff Barfield's allegations relating to apparent claims for negligent or intentional infliction of emotional harm are baseless, and are insufficient to support a plausible claim for relief based on such theories, which matter is addressed further in Fashion Cleaners' brief.

11. Fashion Cleaners' brief further explains that Plaintiff Jimmy Barfield is not entitled to any damages for his stated claims for relief, and is not entitled to a jury trial on such claims.

WHEREFORE, pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1), Defendants CADCO, Inc. d/b/a Fashion Cleaners, and Kermit R. Engh, respectfully request that the Court enter an Order (1) dismissing Plaintiff Jimmy Barfield's Complaint (Filing No. 1) with prejudice, (2) determining that Plaintiff Jimmy Barfield is not entitled to any damages and is not entitled to a jury trial on his asserted claims, and (3) granting such other, further, and different relief as to this Court seems just and equitable.

DATED this 23rd day of March 2016.

>FASHION CLEANERS and KERMIT R. ENGH, Defendants,
>
>By: *s/ John V. Matson*
>  Margaret C. Hershiser, #19545
>  John V. Matson, #25278
>  KOLEY JESSEN P.C., L.L.O.
>  1125 South 103 Street, Suite 800
>  Omaha, NE 68124
>  (402) 390 9500; (402) 390 9005 (facsimile)
>  Margaret.Hershiser@koleyjessen.com
>  John.Matson@koleyjessen.com
>
>Attorneys for Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of March 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

>*s/ John V. Matson*
>John V. Matson