## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIMMY BARFIELD, <br><br> Plaintiff, <br><br> v. <br><br> FASHION CLEANERS, KERMIT R. ENGH, and DOES 1-5 Inclusive, <br><br> Defendants. | CASE NO: 8:16-cv-00022 <br><br><br> **BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1), Defendants, CADCO, Inc. d/b/a Fashion Cleaners, and Kermit R. Engh (collectively "Fashion Cleaners"), hereby submit this Brief in Support of Fashion Cleaners' Motion to Dismiss the Complaint of Plaintiff Jimmy Barfield (the "Motion").

**INTRODUCTION AND FACTUAL BACKGROUND**

On January 15, 2016, Plaintiff filed his Complaint against Fashion Cleaners. (Filing No. 1). On February 19, 2016, Fashion Cleaners filed an unopposed motion to extend its deadline to respond to the Complaint. (Filing No. 8). One reason for the extension was to provide "the parties additional time to discuss the *potential* for an amicable resolution to this action." (*Id.* at 2). On March 14, 2016, Fashion Cleaners sent a letter to Plaintiff's Counsel outlining Fashion Cleaners' research into the facts and law applicable to this dispute, and requesting that Plaintiff dismiss Plaintiff's Complaint based on that research. On March 18, 2016, counsel for Fashion Cleaners called counsel for Plaintiff to discuss the foregoing letter. Plaintiff's counsel rejected Fashion

1

Cleaners' request to dismiss the Complaint and other efforts to resolve the dispute, and accordingly, Fashion Cleaners has filed this Motion.

Plaintiff has recently filed at least five lawsuits against different defendants that are nearly identical to the one that Plaintiff has filed against Fashion Cleaners.[1] All of these lawsuits appear to mimic the same form complaint, with minor variations made to account for different defendants and their allegedly infringing conduct.

As for the Complaint against Fashion Cleaners, Plaintiff asserts four "causes of action" styled by Plaintiff as follows: (1) Violation of Civil Rights - American[s] With Disabilities Act, (2) Violation of Civil Rights 42 U.S.C. 1991, (3) Violation Of Civil Rights Under Nebraska Accessibility Laws, and (4) Violation of Civil Rights Act. (Filing No. 1 at 5, 8-9). The only part of the form Complaint that even comes close to a particularized statement of facts showing specifically what Fashion Cleaners has allegedly done wrong states as follows:

> The specific difficulty Plaintiff had in entering and utilizing Defendants' facility and which amount to a violation of ADAAG are: (a) Designated disabled parking spaces are insufficient and in violation of ADAAG section 4.6. (b) Failure to provide adequate access aisle in violation of ADAAG 4.6.3 (c) Failure to provide disabled parking space signage at proper height in violation of ADAAG 4.6.4 (d) Failure to provide unobstructed view of disabled parking signage in violation of ADAAG 4.6.4.

(Filing No. 1 at 4). For the reasons set forth below, the above-stated "causes of action" fail as a matter of law, and the foregoing factual allegations are insufficient under applicable pleading rules to overcome Fashion Cleaners' Motion. Accordingly, Fashion

---

[1] *See* Filings at 8:2016-cv-00018 (D. Neb. 2016), 8:2016-cv-00019 (D. Neb. 2016), 8:2016-cv-00020 (D. Neb. 2016), 8:2016-cv-00021 (D. Neb. 2016), and 8:2016-cv-00022 (D. Neb. 2016).

Cleaners respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

**LEGAL STANDARD**

"To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sundquist v. Nebraska*, 122 F. Supp. 3d 876 (D. Neb. 2015) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a "cause of action" will not do." *Id.* (citations omitted). "Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense." *Id.* "This 'plausibility standard' is not one of probability, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Fjellin ex rel. Leonard Van Liew Living Trust v. Penning*, 41 F. Supp. 3d 775, 777 (D. Neb. 2014) (citations and quotations omitted).

Further, "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed.R.Civ.P. 12(b)(6)." *Frenchman Cambridge Irr. Dist. v. Heineman*, 974 F.

Supp. 2d 1264, 1274 (D. Neb. 2013) (quoting *Twombly and Iqbal)*. "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Hobleman v. Kentucky Fried Chicken*, 260 F. Supp. 2d 801, 804 (D. Neb. 2003).

Dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is proper when the Court lacks subject matter jurisdiction over any of the claims set forth in the plaintiff's operative pleading.

**ANALYSIS**

For the reasons set forth below, each of Plaintiff's four "causes of action" fails as a matter of law and is unsupported by plausible facts that would entitle Plaintiff to relief.

1. **Cause of Action No. 1: Alleged Violation of Civil Rights - Americans with Disabilities Act.**

This Court recently addressed a shotgun-style Complaint for alleged violations of the Americans with Disabilities Act ("ADA") similar to that filed by Plaintiff Barfield. *See Hobleman v. Kentucky Fried Chicken*, 260 F. Supp. 2d 801 (D. Neb. 2003). Similar to the plaintiff in *Hobleman*, Plaintiff Barfield has alleged for his first "cause of action" under the ADA that, "Plaintiff was subjected to discrimination in violation of 42 U.S.C. 12182(b)(2)(A)(ii) [and] (iv); 42 USC 1981 and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities." (*Compare Hobleman*, 260 F. Supp. 2d at 804, *with* Filing No. 1 at 5-7). Further, just like the plaintiff in *Hobleman*, Plaintiff Barfield asserts that the defendant has "failed to provide full and equal access to the defendants' facility as required by 42 U.S.C. section 12182(a)," and

4

"failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. section 12188(a)." (*Compare Hobleman*, 260 F. Supp. 2d at 804, *with* Filing No. 1 at 5-7).

In explaining this "cause of action," *Hobleman* stated that:

> Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. *See* 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "The ADA grants a private right of action for injunctive relief to, *inter alia,* 'any person who is being subjected to discrimination on the basis of disability.' 42 U.S.C. § 12188(a)(1)." *Steger v. Franco, Inc.,* 228 F.3d 889, 892 (8th Cir.2000).
>
> A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. *See* 42 U.S.C. § 12182(a) and (b)(2)(A)(ii). *Amir v. St. Louis University,* 184 F.3d 1017, 1027 (8th Cir. 1999) (footnote omitted).

*Hobleman*, 260 F. Supp. 2d at 804. As for elements one and two, in Plaintiff Barfield's Complaint, Plaintiff does allege that he is disabled within the meaning of the ADA and that the defendant is a private entity that owns, leases, or operates a place of public accommodation. (Filing No. 1 at 1-2, 5-6). While these assertions remain untested, and Fashion Cleaners reserves the right to take discovery on such matters to determine their veracity, the standard of review on a Motion to Dismiss requires that such assertions be considered true for purposes of this Motion, and accordingly, Fashion Cleaners does not dispute those elements for purposes of this Motion.

However, as to elements three and four, Plaintiff Barfield has failed to set forth plausible facts showing that he can establish these required elements of his case. Specifically, as to element three, "that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability," Plaintiff has not met his burden. As set forth about in the Factual Background section above, Plaintiff includes only a few sentences in his Complaint explaining how specifically Fashion Cleaners allegedly violated the ADA.[2] To summarize, Plaintiff vaguely and generally asserts that there are non-conforming handicapped parking spaces and signage at the Fashion Cleaners in question. This is not the type of specificity and detail required by the U.S. Supreme Court's *Iqbal* and *Twombly* decisions referenced above. Because "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a "cause of action" will not do," Plaintiff's first "cause of action" should be dismissed.

Additionally, as to element four, "that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation," Plaintiff has not met his burden. In Fashion Cleaners' counsel's letter to Plaintiff's counsel (referenced above), Fashion Cleaners stated as follows:

> As you know, Fashion Cleaners does have a designated disabled parking space directly in front of its establishment. Additionally, even if Fashion Cleaners' designated disabled parking space, or adjoining access aisle, were somehow noncompliant with the ADA's requirements, which Fashion Cleaners denies,

---

[2] *See* Filing No. 1 at 4 ("The specific difficulty Plaintiff had in entering and utilizing Defendants' facility and which amount to a violation of ADAAG are: (a) Designated disabled parking spaces are insufficient and in violation of ADAAG section 4.6. (b) Failure to provide adequate access aisle in violation of ADAAG 4.6.3 (c) Failure to provide disabled parking space signage at proper height in violation of ADAAG 4.6.4 (d) Failure to provide unobstructed view of disabled parking signage in violation of ADAAG 4.6.4.").

> Fashion Cleaners has taken "alternative steps" to barrier removal to ensure fair and equal access to its premises for all persons. Specifically, Fashion Cleaners has a "drive-up" service that allows any person to simply drive up to the front of its facility, at which time an employee of Fashion Cleaners will exit the establishment, manually retrieve or deliver a patron's dry cleaning, without the patron ever having to exit his or her vehicle. Accordingly, Fashion Cleaners' parking spaces are compliant with the ADA's requirements. *See* https.7/adata.org/publication/ADA-faq-booklet (explaining that a dry cleaning establishment may take "alternative steps" (such as providing a drive-up service) when barrier removal is not "readily achievable").

Despite having actual knowledge of the foregoing actions taken by Fashion Cleaners to comply with the ADA's "reasonable modifications" requirements, Plaintiff filed his lawsuit, and has refused to dismiss the same. Because Plaintiff's Complaint is devoid of specific, plausible assertions demonstrating Fashion Cleaners' failure to provide Plaintiff reasonable modifications to access its facility, he has not established a necessary element of his first "cause of action," and accordingly, the first "cause of action" should be dismissed.

Additionally, in *Hobleman*, the Court stated as follows: "Under Fed.R.Civ.P. 39(a)…the court may determine upon motion or of its own initiative whether a right to trial by jury exists as to a particular issue. It is therefore appropriate to consider at this time the extent of the relief that might be available to the plaintiff under Title III of the ADA." *Id.* at 804-805. Further, the Court stated, "The remedies and procedures for private actions under Title III of the ADA are those set forth in 42 U.S.C. § 2000a–3(a). *See* 42 U.S.C. § 12188(a)(1). The former section only authorizes 'a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order....'" *Id.* at 805. In conclusion, the Court stated that it found "no authority which would permit an award of damages to the plaintiff, or require

7

that a jury trial be held, under Title III of the ADA." *Id.* Accordingly, Fashion Cleaners requests that in its Order on this Motion, the Court find that Plaintiff Barfield is not entitled to damages (compensatory, punitive or otherwise) because such damages are not recoverable under Title III of the ADA, and also determine that Plaintiff is not entitled to a jury trial for his claims under Title III of the ADA.

   **2. Cause of Action No. 2: Alleged Violation of Civil Rights [Under] 42 U.S.C. 1991.**

In Plaintiff Barfield's Complaint, he alleges that, "The provisions of 42 U.S.C. 1981 ([a]s amended by the Civil Rights Act of 1991) provide that Plaintiff as a person with disabilities cannot be discriminated against with regard to the ability to enter into, to make or to enforce contracts." (Filing No. 1 at 8). This "cause of action," based on nearly identical facts, was considered and rejected by *Hobleman*. In *Hobleman*, the Court stated as follows: "Plaintiff alleges that 42 U.S.C. § 1981 'is applicable to causes of action where persons with disabilities have been denied their civil rights.' This is incorrect as a matter of law. Accordingly, all references to § 1981 in the plaintiff's 'first cause of action' are unavailing." *Hobleman*, 260 F. Supp. 2d at 804 (citations omitted). Further, *Hobleman* stated as follows:

> The plaintiff alleges that because the defendants "have individually and/or collectively denied plaintiff access to their premises, goods and services, [they] have denied him the right to make, enter into or enforce a contract and therefor have violated the provisions of 42 U.S.C. 1991 (sic)." Elsewhere in the "second cause of action" the plaintiff references 42 U.S.C. § 1981, and alleges that the Civil Rights Act of 1991 provides remedies for ADA violations. **As already discussed, disability claims are not cognizable under 42 U.S.C. § 1981**. Because the plaintiff does not allege that he has been discriminated against on the basis of race, this claim will be dismissed.

8

*Id.* at 805 (emphasis added). Because Mr. Barfield's second "cause of action" is premised on 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, this "cause of action" is factually and legally baseless, and should be dismissed.[3]

### 3. Cause of Action No. 3: Alleged Violation Of Civil Rights Under Nebraska Accessibility Laws.

In his Complaint, Plaintiff Barfield alleges that, "Plaintiff has been denied full and equal access to Defendants' goods services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants in violation of Neb. Rev. Stat. 20-132." (Filing No. 1 at 9, ¶27). Plaintiff further alleges that "Defendants have failed and refused and continue to fail and refuse to provide a reasonable alternative to allow plaintiff equal access to their facility." (*Id.* at ¶28). In a recent 8th Circuit Court of Appeals decision, the Court explained that it did not

---

[3] Inexplicably, Plaintiff also includes the following allegation under his second "cause of action": "As a result of Defendants' actions Plaintiff was humiliated, embarrassed and discouraged and upset emotionally and physically and suffered damages according to proof." (Filing No. 1 at 8, ¶24).

Such an allegation was deemed insufficient in *Hobleman* to state a cognizable claim for relief. *See Hobleman*, 260 F. Supp. 2d at 806-807 ("[T]he plaintiff alleges that he is the victim of negligent infliction of emotional distress because the defendants breached "the legal duties proscribed (sic) by various federal and state statutes including, but not limited to, ADA, ADAAG." As a prerequisite to a valid claim for negligent infliction of emotional distress, the plaintiff is required to show that a negligent act of the defendant proximately caused the plaintiff to suffer severe emotional distress. To be actionable, emotional distress must have been so severe that no reasonable person could have been expected to endure it. Furthermore, the emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant. The plaintiff alleges that he was "shocked, discouraged, embarrassed and outraged at the callousness and disregard of Defendants." This allegation is insufficient as a matter of law to state an actionable claim for negligent infliction of emotional distress, and shows that there is an insuperable bar to relief because the plaintiff claims to have suffered only minor indignities, as opposed to severe, medically diagnosable injuries.") (citations omitted).

If Paragraph 24 of Plaintiff Barfield's Complaint is construed as a claim for relief for <u>negligent</u> infliction of emotional distress, it should be dismissed for the same reason that the *Hobleman* plaintiff's corresponding claim was dismissed. If Paragraph 24 is construed as a claim for relief for <u>intentional</u> infliction of emotional distress, it should be dismissed for the same reason that the Hobleman plaintiff's corresponding claim was dismissed. *See Hobelman*, 260 F. Supp. 2d at 807.

have jurisdiction to hear a claim based on Neb. Rev. Stat. § 20-132. Specifically, the Court stated:

> Nebraska has enacted laws prohibiting discriminatory public accommodation practices and has conferred authority on an administrative agency to investigate, resolve, and, when necessary, redress discriminatory practices. Nebraska law guarantees "[a]ll persons within this state shall be entitled to a full and equal enjoyment of any place of public accommodation, as defined in sections 20–132 to 20–143, without discrimination or segregation on the grounds of race, color, sex, religion, national origin, or ancestry." Neb.Rev.Stat. § 20–132 (Reissue 1991). **Section 20–139 directs that sections 20–132 to 20–143 "shall be administered by the [Nebraska] Equal Opportunity Commission" (Commission) and further provides that county attorneys are authorized to enforce these statutory sections** and "possess the same powers and duties" as the Commission. *Id.* § 20–139 (Supp. 2002).
>
> **At least two federal circuit courts have ruled that when a state has enacted laws to protect against discriminatory public accommodation practices, a Title II plaintiff must establish he has satisfied the procedural prerequisites of section 2000a–3(c) before filing a civil action in federal court**. *See Stearnes v. Baur's Opera House, Inc.,* 3 F.3d 1142, 1144–45 (7th Cir. 1993) (Illinois law); *Harris v. Ericson,* 457 F.2d 765, 766 (10th Cir. 1972) (New Mexico law). Although Bilello apparently attempted to comply with the procedural requirements of 42 U.S.C. § 2000a–3(c) by filing written notice of the alleged discriminatory practice with the City of Omaha's Human Relations Director, **Nebraska law expressly declares the laws guaranteeing full and equal enjoyment to public accommodation shall be administered by the Commission**. *See* Neb.Rev.Stat. § 20–139 (Supp. 2002).
>
> Since the requirements of section 2000a–3(c) are jurisdictional, we join the Seventh and Tenth Circuits in holding these procedural prerequisites must be satisfied before we have jurisdiction [over such a claim]. *See Stearnes,* 3 F.3d at 1144; *Harris,* 457 F.2d at 767.

*Bilello v. Kum & Go, LLC.*, 374 F.3d 656, 658-59 (8th Cir. 2004) (emphasis added).

Further, in *Hobleman*, faced with nearly identical allegations in that plaintiff's complaint, the Court stated:

> I find no legal basis for this claim under either state or federal law, independent of the ADA. In several other cases brought against Lincoln businesses, the plaintiff has labeled his "third cause of action" as alleging a "violation of civil rights under Nebraska accessibility laws." To the extent that the plaintiff is here attempting to

10

allege that the defendants have violated accessibility standards which have been promulgated under authority of Neb.Rev.Stat. § 81–5,147,7 the claim fails because Nebraska law provides no private right of action.

*Hobleman*, 260 F. Supp. 2d at 805-06. Plaintiff Barfield has failed to demonstrate in his Complaint that he has "satisfied the procedural prerequisites of section 2000a–3(c) before filing a civil action in federal court." He has further failed to demonstrate in his Complaint any other jurisdictional basis for bringing this alleged "cause of action" based on "Nebraska Accessibility Laws." Accordingly, this Court lacks jurisdiction over Plaintiff Barfield's "third cause of action," and accordingly, the "third cause of action" should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

   **4. Cause of Action No. 4: Alleged Violation of Civil Rights Act.**

In his Complaint, Plaintiff Barfield alleges that, "Defendants are in violation (b) (sic) by failing and refusing to provide free and equal access to Plaintiff to their facility on the same basis as other persons not disabled. By their failure to provide equal access to Plaintiff as herein alleged, Defendants have also violated 42 U.S.C. section 12182(b)(2)(A)(iv)." (Filing No. 1 at 9-10, ¶30). Plaintiff's "fourth cause of action" appears to be entirely duplicative of Plaintiff's "first cause of action" where Plaintiff also alleges violations of 42 U.S.C. section 12182(b)(2)(A)(iv). (*See* Filing No. 1 at 5-7). Similarly, in *Hobleman*, the Court was required to address a nearly identical issue. It stated, "The plaintiff's "fourth cause of action" essentially is a reiteration of the "first cause of action," but may be construed as an attempt to bring a "civil rights" claim under 42 U.S.C. § 1983. The plaintiff generally alleges that he has not been provided the same access to the defendants' facility as persons who are not disabled, and that the defendants have violated 42 U.S.C. § 12182(b)(2)(A)(iv)." *Hobleman*, 260 F. Supp. 2d

at 806. The Court continued, "Construing the plaintiff's "fourth cause of action" as a section 1983 claim, it fails for lack of the requisite allegation that the defendants were acting under color of state law." *Id.* Because Plaintiff's "fourth cause of action" is entirely redundant of his "first cause of action," and because Plaintiff cannot successfully argue that Fashion Cleaners, an entirely privately held business, has at any time been acting under color of state law, Mr. Barfield's fourth "cause of action" is also factually and legally baseless, and should be dismissed.

## CONCLUSION

Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1), Defendants CADCO, Inc. d/b/a Fashion Cleaners, and Kermit R. Engh, respectfully request that the Court enter an Order (1) dismissing Plaintiff Jimmy Barfield's Complaint (Filing No. 1) with prejudice, (2) determining that Plaintiff Jimmy Barfield is not entitled to any damages and is not entitled to a jury trial on his asserted claims, and (3) granting such other, further, and different relief as to this Court seems just and equitable.

DATED this 23rd day of March 2016.

        FASHION CLEANERS and KERMIT R. ENGH,
        Defendants,

        By: *s/ John V. Matson*
           Margaret C. Hershiser, #19545
           John V. Matson, #25278
           KOLEY JESSEN P.C., L.L.O.
           1125 South 103 Street, Suite 800
           Omaha, NE 68124
           (402) 390 9500; (402) 390 9005 (facsimile)
           Margaret.Hershiser@koleyjessen.com
           John.Matson@koleyjessen.com

        Attorneys for Defendants.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of March 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

*s/ John V. Matson*
John V. Matson