UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| JIMMY BARFIELD<br><br>      Plaintiff,<br>  vs.<br><br>FASHION CLEANERS; KERMIT R. ENGH;<br>AND DOES 1-5 Inclusive,<br><br>      Defendants. | Case No.: 8:16-cv-00022<br><br>OBJECTION TO DEFENDANT'S MOTION TO DISMISS – BRIEF |

INTRODUCTION

Plaintiff, Jimmy Barfield, by and through his counsel of record objects to defendant, Fashion Cleaners and Kermit R. Engh's Motion to Dismiss for the reasons asserted in the Plaintiff's Brief in Objection to Motion to Dismiss. The plaintiff does show specific facts that he was discriminated against or there was a threat of an injury and that the Defendant did violate The Americans with Disabilities Act (ADA).

Plaintiff is acting as a "private attorney general" and has brought a three-count Complaint alleging violations of Title III of the Americans with Disabilities Act (ADA)and violation of his civil rights under the ADA. Plaintiff alleges Defendants' property contains "architectural barriers" that hinder accessibility for people with disabilities. ADA "architectural barriers" claims are, essentially, "strict liability" because all of the elements of the claim are easily satisfied and knowable at the time of filing.

Plaintiff is requesting an injunction ordering Defendants to remove architectural barriers at their property in order to increase accessibility for people with disabilities.

## THE ADA and ARCHITECTURAL BARRIERS

A private right of action under Title III is available to any person who is "being subject to discrimination on the basis of disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination . . . ." 42 U.S.C. §12188(a)(1). Discrimination includes, "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities…. where such removal is readily achievable." 42 U.S.C. §12182(b)(2)(A)(iv). Plaintiff has made an"architectural barriers" claim.

To prove an architectural barrier claim, Plaintiff must show the following:
I. Plaintiff is disabled within the meaning of the ADA;
II. Defendant is a private entity that owns, leases, or operates a place of public accommodation;
III. An architectural barrier exists on Defendants' property; and
IV. Removal of the barrier is readily achievable.
See e.g., *42 U.S.C. § 12182(a) and (b)(2)(A)(ii)/(iv); Steger v. Franco Inc., 228 F.3d 889(8th 2000), Amir v. St. Louis University, 184 F.3d 1017, 1027 (8th Cir.1999).*
42 U.S.C. §12188 states that "in the case of violations of sections *12182(b)(2)(A)(iv)* [i.e. Architectural Barriers] . . . injunctive relief shall include an order. Plaintiff has also asserted a "policy and procedure" claim authorized by *42 U.S.C. §12182(b)(2)(A)(ii)*. Plaintiff is not seeking Summary Judgment on this claim. However, this should not be construed as abandonment of the claim in the event a trial is necessary.

Actually, which party has the burden of showing a repair is/is not readily achievable is open to some debate. Most courts have held the Plaintiff must make a showing of the cost and Defendant must plead and prove the repairs are not "readily achievable" as an affirmative defense. See, *Johnson v. Gambrinus Company/Spotetzl Brewery, 116 F. 3d 1052 (5th Cir. 1997)*

The court does have subject-matter jurisdiction over this case. Plaintiff does have standing to sue under the ADA. Standing is a jurisdictional question that must be addressed prior to and independent of the merits of a party's claim. *Bochese v. Town of Ponce Inlet,405 F.3d 964, 974( 11th Cir 2005).* "To satisfy Article III standing requirements and show that a case or controversy exists, a plaintiff has the burden to show that he has suffered some actual or threatened injury that can be traced to the allegedly illegal conduct and that is capable of being redressed." Keller v. City of Fremont, *719 F.3d 931, 947 (8th Cir, 2013).* A plaintiff must show: 1) an injury in fact; 2) traceable to the challenged action of the defendant; and 3) likely to be redressed by a favorable decision. *Lujan v Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).*

**The Subject Property Contains Architectural Barriers.**
Defendants' Property contains architectural barriers. An architectural barrier is a physical feature of a property that interferes with accessibility for individuals with disabilities. 28 CFR §36.304(b). Examples of architectural barriers include curbs and steps that hinder persons in wheelchairs, as well as placement of telephones, water fountains, toilets, mirrors, and hand dryers in restrooms.

**PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED**
**UNDER FED. R.CIV.P. 12(b)(1).**

The Plaintiff alleged an actual injury; therefore, the defendant's Brief in Support of Motion to Dismiss should not be granted. The defendant makes vague innuendo that alleges the Plaintiff does not have a qualifying disability, so far as being covered under the Civil Rights Act of 1981, therefore the plaintiff's allegations should fail; however, the plaintiff has alleged other ADA violations in his complaint. Some of the ADA violations committed by the defendant included:

**(a) Designated disabled parking spaces are insufficient and in violation of ADAAG section 4.6.**

**(b) Failure to provide adequate access aisle in violation of ADAAG 4.6.3**

**(c) Failure to provide disabled parking space signage at proper height in violation of ADAAG 4.6.4**

**(d) Failure to provide unobstructed view of disable parking signage in violation of ADAAG 4.6.4**

**(E) Failure to provide "VAN ACCESSIBLE" Parking-Space in violation of ADAAG 4.1.2(5)(b)**

**(F) Failure to provide a Regular Disabled Parking Space in Violation of ADAAG 4.6.3**

**(G) Failure to provide a Van Accessible Aisle in violation of ADAAG 4.6.3**

**(H) Failure to provide proper Signage in violation of ADAAG 4.6.4**

**(I) Failure to provide Parking Space Emblem in violation of (ADAAG 4.6.4.**

The Defendants have conveniently omitted or over looked the actual Basis of the Plaintiff's complaint and is focused on other issues that do not specifically address the barriers complained of, which are readily achievable.

The fact is, the ADA has been establish since 1990 and did not go into enforcement until 1992. The Defendant has failed to remedy any of its violations or barriers until Plaintiff filed an action for the barriers to be removed.

The Department of Justice (DOJ) has established priorities for the removal of architectural barriers. 28 CFR §36.304(c). The number one priority for removal of architectural barriers is "providing accessible parking spaces." Id.; 28 CFR 36.304(b)(18) ADA compliant parking is determined using the Americans with Disabilities Act Accessibility Guidelines (ADAAG). See, e.g. *Loskot v. Matthews, No. 09-0011, 2010 WL 1173053 at \*2 (E.D. Cal. Mar. 23, 2010)* ("The ADAAG provides substantive standards for public facilities subject to the ADA, and the ADAAG standards define whether an architectural or other feature of a facility is a "barrier" that discriminates against disabled persons in violation of the ADA.")

## **THE ARCHITECTUAL BARRIERS**

(1) Defendants' property does not contain ADAAG compliant parking. (2) The Property does not have a proper Van Accessible Disabled Stall with proper route markings. (3) The parking stall does not have the proper aisles or signs installed as required under ADAAG.

Notably, Defendants have failed to disclose any evidence to rebut Plaintiff's assessment of the property. Therefore, the presence of architectural barriers should be considered established.

## DEFENDANTS PROPERTY IS A PLACE /BUSINESS OF PUBLIC ACCOMODATION THAT MUST COMPLY WITH TITLE III UNDER THE ADA

Public Accommodations is defined under *42 U.S.C. §12181(7); 28 C.F.R. §36.104. 2.* There is no size requirement for acts or omissions after 1/26/93. See Sec. 310(b) of the ADA, set out in a Note to *42 U.S.C. §12181.* Includes entities that own, lease, lease to, or operate a public accommodation. *28 C.F.R. §36.104* ("public accommodation"). Both the landlord and the tenant may be public accommodations subject to ADA regulations. *28 C.F.R. §36.201(b); Botosan v. Paul McNally Realty, 216 F.3d 827, 832-834 (9th Cir. 2000)* (landlord liable for non-compliance, even though lease stated that tenant was solely responsible); ADA Technical Assistance Manual III-1.2000 ("any allocation made in a lease or other contract is only effective as between the parties, and both landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation."). See *also Simpson v. City of Charleston, 22 F.Supp.2d 550, 555 (S.D.W.Va. 1998)* (supermarket leasing property was liable for barriers on surrounding sidewalks, despite city ordinance making landowners responsible for sidewalks); *Independent Living Resources v. Oregon Arena Corp., 1 F.Supp.2d 1124, 1148 (D.Or. 1998)* (facility's contract with the City absolving it of responsibility for improvements cannot control the operation of federal law). The lessee may be covered even if lessor is exempt, *Fiedler v. American Multi-Cinema, Inc., 871 F.Supp. 35, 37-38 (D.D.C. 1994),* although the lessee may only be covered if it has paid consideration (i.e., is not using donated

space). *28 C.F.R. Part 36 App. B, §36.201.* Based upon statements made in their brief, the Defendants acknowledged that they are operating as a public accommodation rendering services to the general public.

The Defendants further attempts to show that they have developed a scheme or plan to accommodate persons with disabilities that may otherwise have difficulty over coming barriers as defined under ADAAG. However, Defendant's have not shown or proven that painting disabled emblems on the ground and placing appropriate signage on the property per ADAAG is not readily achievable. The drive through provision was not readily in existence or recognizable by reasonable persons with disabilities because there were no signs on the property indicating that such services were available. While such an accommodation is permissible if other remedies are not readily achievable, Defendants have failed to demonstrate that placing the proper marking on the property would cause an undue financial burden on the business.

**Removal of Architectural Barriers at this Property is Readily Achievable**

The identified repairs are readily achievable. Defendant is responsible for removing architectural barriers where such removal is "readily achievable." See *42 U.S.C. § 12181(9).* The statute names four non-exclusive factors to be considered when determining if a barrier removal is readily achievable:
(A) The nature and cost of the action needed under this chapter;
(B) The overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact

otherwise on of such an action on the operation of the facility; (C) The overall resources of the covered entity; the overall size of the business of the covered entity with respect to its number of employees; the number, type, and location of its facilities; and (D) The type of operation or operations of the covered entity, including the composition, structure, and functions of the work force of such entity; the geographic separateness, administrative relationship of the facility or facilities in question to the covered entity. *42 U.S.C. § 12181(9)(A), (B), (C), and (D).*

## **ARGUMENTS IN FAVOR OF READILY ACHEIVABLE**

In this case, the estimated cost of all repairs is estimated at $1,952.75. Notably, Defendants would be eligible for a tax credit of $851.37 based on the current estimate due to federal tax break for ADA accessibility motivated repairs. *See, 26 U.S.C. 44(a).* Based on the estimate, Defendants out-of-pocket expense would be $1,101.38.

Defendants objected to providing Plaintiff with financial information and conceded the repairs were readily achievable.

Parking is specifically identified as a "readily achievable" repair by the DOJ. 28 CFR 36.304(b)(18). Making "curb cuts in sidewalks and entrances" is also specifically identified as "readily achievable." 28 CFR 36.304(b)(2).

Plaintiff alleged in his complaint that "Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

Defendant's Answer failed to respond to this allegation. An allegation "is admitted if a responsive pleading is required and the allegation is not denied." Fed. R.Civ. Pro. 8(b)(6).

Defendants have also waived the "readily achievable" affirmative defense by failing to include it in their Answer. See, *Gathright-Dietrick v. Atlanta Landmarks, Inc. 452 F. 3d 1269, 1274 (11th Cir. 2006); See Also, Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship, 264 F. 3d 999, 1002-03 (10th Cir. 2001); Wilson v. Haria and Gorgi Corp., 479 F. Supp. 2d 1127, 1133 (E.D. Cal.2007).*

The Federal Rules require that in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." *Fed. R. Civ. P. 8(c)(1).*

Based on all of the above, the Court should hold the identified repairs are "readily achievable. "If possible, persons with disabilities must enjoy the same access as persons that do not have a disability without assistance. If defendants can show a particular barrier removal is not readily achievable, defendants must still make available its goods, services, facilities, privileges, advantages, and accommodations through alternative methods that do not fully comply with specified requirements: (1). if readily achievable, and (2). if will not pose a significant risk to health or safety.  Source: *42 U.S.C. §12182(a)(2)(A)(v); 28 C.F.R. §§ 36.305(a) and 36.304(d)(2).* Examples: curb service, home delivery, retrieving merchandise from inaccessible shelves, relocating activities to accessible locations. *28 C.F.R. §36.305(b).*

## EXHAUSTION OF ADMINISTRATIVE REMEDIES NOT REQUIRED

Exhaustion of administrative remedies is not required. *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000); *Hill v. Park*, 2004 WL 180044, at *1-3(E.D.Pa. Jan. 27, 2004) (collecting cases); *Burriola v. Greater Toledo YMCA*, 133 F.Supp.2d 1034, 1037 (N.D.Ohio 2001); *Guzman v. Denny's Inc.*, 40 F.Supp.2d 930, 933-934 (S.D.Ohio 1999); *Grubbs v. Medical Facilities of America, Inc.*, 1994 WL 791708 (W.D.Va. Sept. 23, 1994).

The Defendants make several mentions in their brief that the Nebraska claim requires the exhaustion of administrative remedies. That assertion conflicts with the federal rules that govern prosecuting cases under the ADA.

## CONCLUSION

Wherefore, the Plaintiff prays for an order from the Court overruling the Defendants Motion to Dismiss because the Plaintiff does have standing and the Defendant's ADA violation injured or threatened to injure the Plaintiff. In the alternative, the plaintiff would ask the court's permission to amend the complaint under FED.R.CIV. P 15, which allows leave to amend complaints.

April 12, 2016

                                              /s/*Jackie Barfield*
Jackie Barfield # 19966
P.O. Box 111435
Omaha, Nebraska 68111
(402) 926-4428

Attorney for Plaintiff,